ERNEST SEYMOUR v. THE STATE.

No. 2540.   Decided June 18, 1913.

1.—Misdemeanor Theft—Evidence—Hearsay.

Statements of defendant's wife in his absence and not offered as impeaching testimony were hearsay and inadmissible.

2.—Same—Chicken Theft—Insufficiency of the Evidence.

Where, upon trial of theft of chickens, the evidence was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Jefferson.   Tried below before the Hon. R. W. Wilson.

Appeal from a conviction of theft of chickens; penalty, a fine of $1 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of the theft of chickens.   The alleged owner testified she lost three chickens, worth several dollars; they were taken by someone; that she saw where feathers had been dropped and followed them in the neighborhood of where appellant lived.   This was the next day after the chickens were missed.   She saw appellant going up the river in the direction of a factory and followed him, thinking the chickens were in the basket which he carried.   She requested a man to follow her, fearing that if she overtook defendant and found him with the chickens he might do her injury.   This man testified that he followed along behind the alleged owner.   No one testifies to defendant having the chickens, or that the chickens were in the basket.   The defendant testified he did not take the chickens and did not have them in the basket.   Defendant and his wife were living apart at the time.   She testified that appellant brought her in the basket some glassware at her request from their home; that she at the time was living separate from her husband and with her daughter.   That appellant brought the basket which contained glassware and some of his dirty clothes, which she was to and did wash.   She testified the chickens were not in the basket.   A witness was permitted to testify in chief that the defendant's wife came to her and wanted to leave her basket, stating she was afraid that somebody would get the basket and find the chickens in it.   This witness declined to permit appellant's wife to leave the basket, and she took it away.   She did not know what was in the basket.   Objection was urged to this at the time for various and sundry reasons.   This testimony was not admissible.   It was offered as original testimony by the State.   This all occurred in the absence of the defendant, it was a statement of his wife; she had not then been used as a witness, and it was not offered

as impeaching testimony. As presented the bill of exceptions was well taken, and the objection should have been sustained.

As the evidence is presented by this record we are of opinion the State has not made out a case. We have given practically every criminative fact in the record as we understand this testimony. The State's witness testified that she found some feathers, and we may infer from her testimony that she intended to convey the idea that they were the same kind of feathers that would have come from her chickens. They were traced to the neighborhood of or close to appellant's house. This is the State's case, so far as defendant is concerned. The fact that she followed defendant the next morning and he had a basket on his arm is not a criminating fact against him unless the chickens were shown to have been in the basket. This was not done, and no witness testified that there were chickens in the basket. Appellant may be guilty and may have had chickens in the basket, but nobody testified to it and he and his wife deny it. This evidence is not sufficient.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*